IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,<br><br>*Plaintiff,*<br><br>v.<br><br>GLEN MULREADY, in his official capacity as Insurance Commissioner of Oklahoma, and<br><br>OKLAHOMA INSURANCE DEPARTMENT,<br><br>*Defendants.* | No.    CIV-19-977-SLP |

## **ANSWER**

Defendant Glen Mulready, in his official capacity as the Insurance Commissioner of Oklahoma, submits the following in Answer to Plaintiff's Complaint filed on October 25, 2019. Defendant denies every factual allegation in the Complaint unless specifically admitted herein, and further answers the Complaint's individual allegations as follows:

1. The allegations set forth in ¶ 1 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied. To extent there are any factual allegations set forth in ¶ 1, those are denied.

2. The allegations set forth in ¶¶ 2-4 are admitted.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶¶ 5-8, and they are therefore denied.

4. The allegations set forth in ¶¶ 9-11 are admitted.

5. The allegations set forth in ¶¶ 12-16 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

6. Defendant admits that many Oklahoma residents receive their prescription drug benefits through health plans as alleged in ¶ 17. The remainder of the allegations in ¶ 17 are denied.

7. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶¶ 18-23, and they are therefore denied.

8. The allegation set forth in ¶ 24 is admitted.

9. The allegation set forth in ¶ 25 is denied.

10. The allegations set forth in ¶¶ 26-28 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

11. The factual allegations set forth in ¶¶ 29-34 are denied. The legal conclusions require no response. To the extent a response is necessary, the allegations are denied.

12. The allegation set forth in ¶ 35 is admitted.

13. The allegations set forth in ¶¶ 36-39 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

14. The allegation set forth in ¶ 40 states a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

15. Defendant incorporates the above responses in response to ¶ 41, which re-

alleges the preceding paragraphs in the Complaint.

16. The allegations set forth in ¶¶ 42-44 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

17. Defendant incorporates the above responses in response to ¶ 45, which re-alleges the preceding paragraphs in the Complaint.

18. The allegations set forth in ¶¶ 46-48 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

19. Defendant incorporates the above responses in response to ¶ 49, which re-alleges the preceding paragraphs in the Complaint.

20. The allegations set forth in ¶¶ 50-52 state legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

21. The allegations, legal conclusions, and statements in the section titled "Prayer for Relief," require no response because they re-allege allegations already answered or state legal conclusions.

## **AFFIRMATIVE DEFENSES**

22. Failure to state a claim upon which relief can be granted.

                                        s/ *Randall Yates*

RANDALL J. YATES
ZACH WEST
  *Assistant Solicitors General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 522 – 4448
Randall.Yates@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for Defendants*