IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> GLEN MULREADY, in his official capacity as Insurance Commissioner of Oklahoma, and the OKLAHOMA INSURANCE DEPARTMENT, <br><br> Defendants. | Civil Action No. CIV-19-977-J |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Pharmaceutical Care Management Association ("PCMA") hereby moves that this court preliminarily enjoin defendants Glen Mulready and the Oklahoma Insurance Department from enforcing Oklahoma's Patient's Right to Pharmacy Choice Act, 36 O.S. § 6958, *et seq* (the "Act"), and its implementing emergency regulations, Okla. Admin. Code § 365:25-29-1, *et seq* (the "Regulations"), during the pendency of this action. The reasons, explained in more detail in the accompanying Memorandum of Law, are as follows:

1. The Act and Regulations are preempted. They regulate PCMA's members, pharmacy benefit managers, which administer health plans covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*, and Medicare Part D, 42 U.S.C. § 1395w-101, *et seq*. Those federal statutes broadly

preempt state laws that are connected with, or act with respect to, covered plans. The Act and Regulations are connected with and act with respect to covered plans. Thus, PCMA is likely to succeed on the merits.

2. Enforcement would subject PCMA's members to multiple regulators, force them to restructure their business models, and cause them unrecoverable financial and administrative costs. These harms are exacerbated by the COVID-19 crisis. Thus, enforcement would cause PCMA's members irreparable harm.

3. Whereas enforcement would irreparably harm PCMA's members, the defendants have no interest in enforcing unconstitutional state laws. Thus, the balance of hardships favors an injunction.

4. Requiring PCMA's members to comply with the Act and Regulations would divert their resources away from responding to the COVID-19 crisis. Plus, enforcement would impair PBMs' abilities to exert downward pressure on drug prices in Oklahoma and enhance the quality of pharmacy services. As a result, consumers, including workers, their families, and seniors, may experience higher prices and lower service quality. Thus, an injunction would be in the public interest.

In support of this motion, the PCMA relies on the accompanying Declarations and Memorandum of Law. Attached hereto is a Proposed Order.

PCMA respectfully requests a hearing on this motion.

WHEREFORE, PCMA respectfully moves that the court enjoin enforcement of the Act and Regulations during the pendency of this action.

Respectfully submitted,

PHARMACEUTICAL CARE
MANAGEMENT ASSOCIATION, INC.

By its attorneys,
*/s/ Dean Richlin*
Joe E. Edwards
Oklahoma Bar # 2640
Attorney for Plaintiff
Crowe & Dunlevy
Braniff Building
324 Robinson Ave., Ste. 100
Oklahoma City, OK 73102
Phone: (405) 239-5414
Fax: (405) 272-5923
joe.edwards@crowedunlevy.com

Dean Richlin (*pro hac vice*)
Kristyn DeFilipp (*pro hac vice*)
Andrew London (*pro hac vice*)
Stephen Stich (*pro hac vice*)
Attorneys for Plaintiff
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
Phone: (617) 832-1000
Fax: (617) 832-7000
drichlin@foleyhoag.com
kbuncedefilipp@foleyhoag.com
alondon@foleyhoag.com
sstich@foleyhoag.com

Dated: May 13, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Stephen Stich*
Stephen Stich